UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILA KING, a Minor, By Next Friend and
Father CHRISTOPHER KING, and
CHRISTOPHER KING, INDIVIDUALLY,

    Plaintiff,

                                                                                Hon. Thomas L. Ludington
v                                                                Case No.: 1:21-cv-11410

ADIDAS AMERICA, INC.,

    Defendant.

---

Cary M. Makrouer (P26831)         Thomas G. Cardelli (P31728)
Melissa D. Boatner (P81802)         Anthony F. Caffrey (P60531)
The Thurswell Law Firm, PLLC      CARDELLI LANFEAR, P.C.
Attorneys for Plaintiff                   Attorneys for Defendant
1000 Town Center, Suite 500         322 W. Lincoln Ave
Southfield, MI 48075                     Royal Oak, MI 48067
(248) 354-2222                            (248) 544-1100
(248) 354-2323 Fax                     (248) 544-1191 Fax
cmakrouer@thurswell.com           tcardelli@cardellilaw.com
mboatner@thurswell.com            acaffrey@cardellilaw.com

---

## **DEFENDANT'S WRITTEN RESPONSE TO TRIAL COURT ORDER TO SHOW CAUSE REGARDING JURISDICTION**

*Introduction*

As alleged by Plaintiff, the instant matter arises out of the contention that the minor child Plaintiff in this matter, Mila King, suffered "severe injuries" that are so

1

permanent as to impact her future earning potential. As a three-year old at the time of the incident, and without the benefit of discovery yet, Defendant can only ponder what injuries the minor child has suffered that would be causing damages 15 to 70 years into the future. While Defendant understandably questions whether Plaintiff can and will make such as showing, it is beyond reasonable dispute that this is what Plaintiff has placed in controversy by expressly pleading same. Therefore, this Court should conclude that the current controversy rather plainly exceeds $75,000.00, as necessary for this Court to retain jurisdiction.

*Statement of Facts*

As a preliminary matter, this lawsuit is only at the pleading stage and has not yet progressed into any level of discovery. This Court has been presented with a summons and complaint (Exhibit 1) that Plaintiff filed in the circuit court of the State of Michigan.

Plaintiff's pleading is instructive regarding the alleged seriousness of the matter. Plaintiff has alleged injuries to minor child Mila King, a three-year old at the time of the incident on December 26, 2021 (Complaint, ¶ 5). More specifically, Plaintiff alleges that a "clothes rack" that was missing a front wheel fell onto her and struck her in the head (Complaint, ¶ 6). Several allegations indicate that Plaintiff suffered <u>serious</u> and <u>permanent</u> injuries requiring "large sums of money" to address:

- "Plaintiff minor sustained serious injuries . . ." (Complaint, ¶ 6);
- "Severe bodily injuries . . . " (Complaint, ¶ 26(A));
- "Injuries which are permanent to the degree that Plaintiff will have impaired earning capacity in the future, continued pain and suffer, as well as permanency . . . " (Complaint, ¶ 26(D);
- "being compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future may be required to expend and become obligated for large sums of money for medical care, attention, and supplies for treatment and aforesaid injuries . . ." (Complaint, ¶ 27);
- "Severe bodily injuries . . . " (Complaint, ¶ 33(A));
- "Injuries which are permanent to the degree that Plaintiff will have impaired earning capacity in the future, continued pain and suffer, as well as permanency . . . " (Complaint, ¶ 33(D);
- "being compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future may be required to expend and become obligated for large sums of money for medical care, attention, and supplies for treatment and aforesaid injuries . . ." (Complaint, ¶ 34);

And all of the above is in addition to Plaintiff's claim for false imprisonment, which would have its own unique set of damages (if any). Regardless, as alleged by Plaintiff, this matter involves "large sums of money" and serious, permanent injuries, as necessary to elevate the controversy in this matter above $75,000.00.

Defendant further notes that, at this early juncture, the rack that allegedly fell on the minor Plaintiff does appear somewhat sizeable:



[Photograph, Exhibit 2.]    While Defendant certainly desires to engage in discovery as to numerous facts of this matter, including the alleged injuries, it is not beyond the realm of reason that Plaintiff's demand and/or request for damages before the jury will <u>greatly</u> exceed this Court's jurisdictional threshold of $75,000.00.  If so, and without prejudicing Defendant's ability to contest liability and damages, this matter is certainly a current controversy that exceeds $75,000.00.

*Argument*

As noted in this Court's "show cause" order, this Court has the ability to conduct its own analysis to "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006).  In the instant matter, removal was premised on the diversity

jurisdiction of this Court. 28 U.S.C. § 1332(a). As part of that statutory provision, the amount in controversy must be at least $75,000.00.[1] As will be explained below, at this early juncture, this Court may only conclude that the controversy in this matter sufficiently exceeds the $75,000.00 threshold, as necessary for this Court to confirm its jurisdiction over the matter.

As a preliminary matter, Defendant observes that the case cited by this Court in recognizing the limits of its jurisdiction involved economic damages, rather than non-economic damages. Indeed, in *Nowicki-Hockey v. Bank of America, N.A.*, 593 F. App'x 420, 422 (6th Cir., 2014), the plaintiff raised claims "for breach of contract and violation of the Michigan Consumer Protection Act ("MCPA") in connection with defendant Bank of America's alleged failure to properly credit Nowicki's payments on her $45,750 loan." The Sixth Circuit recognized that Plaintiff was not entitled to the pleaded request for exemplary damages as a matter of law. The Court also observed that "either Nowicki owes $66,577.04 on the loan, or it [the bank] owes her in excess of $25,000 in credit on the loan. In any event, the $66,577.04 figure falls short of the $75,000 threshold." Thus, with only economic

---

[1] Under Michigan law, M.C.L. 600.8301(1) provides that a state of Michigan "district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." By filing this matter in the circuit court, rather than the district court, Plaintiff removed all doubt that the "controversy" in this matter is not merely $25,000.00, but any and all amounts in excess of $25,000.00. This necessarily includes the amounts between $25,000.00 and $75,000.00, but also all amounts in excess of $75,000.00.

damages at issue, and neither side having a claim to economic damages in excess of $75,000.00, the Court had little difficulty recognizing the lack of jurisdiction.

The analysis is far more complicated in personal injury cases, because the measure of non-economic damages is necessarily uncertain. Here, unlike the *Nowicki* matter, Plaintiff has <u>validly</u> pleaded the ability to recover various types of non-economic damages. If this matter were to be submitted to a jury, the jury would have broad discretion to determine whether the minor plaintiff suffered the severe injuries, pain and suffering, and mental anguish alleged. Beyond that, a jury would have broad discretion to place a value on this claim.

Defendant further notes that, as alleged, Plaintiff has not suggested that the injuries have resolved. Quite the contrary, Plaintiff has alleged that Plaintiff has incurred "large sums of money" previously and is likely to incur additional "large sums of money" in the future. Plaintiff has also alleged that the injuries were <u>permanent</u>. Assuming a life expectancy of at least 75-years of age for any plaintiff, Plaintiff has—at least at this pleading stage—alleged approximately 70 years of potential non-economic benefits. Even ascribing the substantially low value of $100 a month for such future non-economic damages, this would result in total future damages that would satisfy the jurisdictional threshold alone ($1,200/year times 70 years = $84,000, without accounting for inflation). While Defendant will zealously contest whether it is liable and the damages, Plaintiff will

be zealously seeking to prove liability and damages. If Plaintiff is truly seeking future non-economic damages for 70 years, the amount requested of the jury will most certainly exceed $75,000.00 by a substantial amount.

Plaintiff also alleged past injuries to the minor child. Again, the jury will have broad discretion with respect to determining past non-economic damages. Defendant further notes that there are published reports of similar cases involving injuries to minor children that settled for in excess of $75,000.00. For example, in *In re: Sara Capo, a minor child;* 1994 Dolan Media Jury Verdicts LEXIS 1585 (Exhibit 3), a 5-year old child suffered minor injuries following a dog bite. The matter settled in 1994 for $100,000.00. In a 1998 case involving an automobile accident where two minor children were injured, the child with the closed head injury settled for $100,000.00. *Gilroy v. Pline*; 1998 Dolan Media Jury Verdicts LEXIS 4739 (Exhibit 4). Adjusted for a nominal level of inflation for a settlement that took place in the 20+ years since both cases, these two cases certainly support a conclusion that the amount of controversy in this matter exceeds $75,000.00.

Next, Defendant notes that Plaintiff has pleaded a lost earnings case for the minor Plaintiff. Again, Plaintiff has pleaded that the minor child has incurred severe and permanent injuries. If Plaintiff has non-frivolously pleaded that the minor child will be suffering loss of earning capacity, this would mean an injury that will be continuing to manifest 15 years into the future and beyond.

Michigan's minimum wage is currently $9.65/hr. If the minor child is alleged to lose 20 hours of work per week, this will be lost annual income of $10,036.00 per year (assuming zero inflation). If the minor child is still unable to work because of this incident in 2036, it is unlikely that the injuries are anything other than permanent. If so, Plaintiff will be able to claim up to 50 additional years of damages, and likely at greater annual amounts than $10,000 per year. This allegation, therefore, dwarfs the jurisdictional threshold of this Court. While Defendant absolutely reserves the right to contest liability and these damages, as pleaded, the amount in controversy absolutely exceeds $75,000.00.

Finally, and in addition to the above, there is the issue of Plaintiff's uniquely pleaded cause of action for false imprisonment. Defendant considers this allegation to be borderline frivolous. However, unless and until this Court confirms same, or at least dismisses the cause of action, it is a pleaded claim for damages involving an intentional tort. In *Kirk Carruth v. Kroger Company of Michigan and Elain Macauley*; 2013 Jury Verdicts LEXIS 7066 (Exhibit 5), a false imprisonment case was submitted to Michigan case evaluation for an amount of $10,000.00. However, the jury ultimately awarded $200,000.00 in damages. A jury certainly has the discretion to award damages that are seemingly well in excess of the values placed on a case by even experienced litigation attorneys. While Defendant again reserves the right to challenge the merits of this pleaded

cause of action, it certainly is clear that the mere allegation of false imprisonment places more than $75,000.00 in controversy.

In sum, there are four separate calculations by which Plaintiff's lawsuit has facially alleged damages that would—conservatively—result in damages in excess of $75,000.00. Therefore, when appropriately combined, there is little doubt that Plaintiff's alleged damages are currently placing more than $75,000.00 in controversy. Again, Defendant will certainly zealously contest its liability and Plaintiff's entitlement to these vast amounts of potential damages. However, this Court must conclude that, as alleged, the amount in controversy in this matter rather plainly exceeds $75,000.00. Consequently, this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332(a).

*Conclusion and Request for Relief*

Plaintiff's Complaint has alleged the quantity and quality of damages that, if true, would more than support a conclusion that the amount in controversy exceeds $75,000.00. Accordingly, notwithstanding Defendant's intention to zealously contest these damages (and liability), this Court can only conclude that the amount in controversy is presently well in excess of $75,000.00. Consequently, this Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

    Respectfully Submitted,

    **CARDELLI LANFEAR, P.C**

    /s/ Thomas G. Cardelli_____
    Thomas G. Cardelli (P31728)
    Anthony F. Caffrey (P60531)
    CARDELLI LANFEAR, P.C.
    Attorneys for Defendant
    322 W. Lincoln Ave
    Royal Oak, MI 48067
    (248) 544-1100
    (248) 544-1191 Fax
    tcardelli@cardellilaw.com
    acaffrey@cardellilaw.com

Dated: July 7, 2021

## **CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant's Written Response To Trial Court Order To Show Cause Regarding Jurisdiction and this Certificate of Service were served upon counsel of record via the Court's ECF System to their respective email addresses as disclosed on the Notice of Electronic Filing on July 7, 2021.

            Respectfully Submitted,

            /s/ Thomas G. Cardelli_____
            Thomas G. Cardelli (P31728)
            Anthony F. Caffrey (P60531)
            CARDELLI LANFEAR, P.C.
            Attorneys for Defendant
            322 W. Lincoln Ave
            Royal Oak, MI 48067
            (248) 544-1100
            (248) 544-1191 Fax
            tcardelli@cardellilaw.com
            acaffrey@cardellilaw.com